UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

Linda L. Diehl,

          Plaintiff,

vs.                              Case No. 3:09-cv-1220-J-25MCR

Bank of America Corporation,

          Defendant.
_____/

**O R D E R**

**THIS CAUSE** is before the Court on Plaintiff's Motion to Compel Answers to Interrogatories (Doc. 26) filed July 28, 2010.

**I.     BACKGROUND**

On February 2, 2010, Plaintiff filed an Amended Complaint against Defendant containing the following counts: (1) violations of the Age Discrimination in Employment Act ("ADEA") and the Florida Civil Rights Act ("FCRA") based on Defendant's alleged demotion of Plaintiff to a non-managerial role and Defendant's termination of Plaintiff's employment, both allegedly due to her age (Counts I, IV, V, and VIII); (2) violations of the Americans with Disabilities Act ("ADA") and the FCRA based on Defendant's alleged demotion of Plaintiff to a non-managerial role and Defendant's termination of Plaintiff's employment, both allegedly due to her disability, record of disability and/or because Defendant perceived that she was disabled (Counts II, IV, VI, and VIII); and (3) violations of the Family and Medical Leave Act ("FMLA") based on Defendant's alleged

demotion of Plaintiff to a non-managerial role and Defendant's termination of Plaintiff's employment, which she claims interfered with her rights under the FMLA (Counts III and VII). (Doc. 21).

Plaintiff propounded two sets of interrogatories upon Defendant. Plaintiff's first set of interrogatories contained Interrogatory Nos. 1-9, and Plaintiff's second set of interrogatories contained Interrogatory Nos. 10-16. Defendant responded to both sets of interrogatories; however, it objected to Interrogatory Nos. 8-16 as exceeding the presumptive limit of 25 interrogatories. (Docs. 26-1, 26-2). Additionally, Defendant objected to Interrogatory No. 3 as being overly broad and not reasonably calculated to lead to admissible evidence. (Doc. 26-1, p. 8).

On July 28, 2010, Plaintiff filed the instant Motion to compel seeking an Order compelling Defendant to provide complete responses to Interrogatory Nos. 3, 8-9, and 10-16. (Doc. 26). On August 16, 2010, Defendant filed its response in opposition to Plaintiff's Motion.[1] (Doc. 32). Accordingly, this matter is now ripe for judicial determination.

## II.    ANALYSIS

Motions to compel disclosures and other discovery under Federal Rule of Civil Procedure 37 are committed to the sound discretion of the trial court. <u>Commercial Union Insurance Co. v. Westrope</u>, 730 F.2d 729, 731 (11th Cir. 1984). The trial court's

---

[1] When Defendant failed to provide a response within fourteen (14) days of Plaintiff's Motion, the Court entered an Order directing Defendant to file its response no later than August 18, 2010. (Doc. 30).

exercise of discretion regarding discovery orders will be sustained absent a finding of abuse of that discretion to the prejudice of a party.  See Westrope, 730 F.2d at 731.

The overall purpose of discovery under the Federal Rules is to require the disclosure of all relevant information so that the ultimate resolution of disputed issues in any civil action may be based on a full and accurate understanding of the true facts. See United States v. Proctor & Gamble Co., 356 U.S. 677, 682, 78 S.Ct. 983, 986-87 (1958).  Discovery is intended to operate with minimal judicial supervision unless a dispute arises and one of the parties files a motion requiring judicial intervention. Furthermore, "[d]iscovery in this district should be practiced with a spirit of cooperation and civility."  Middle District Discovery (2001) at 1.

Plaintiff's Motion to Compel raises the issues with Defendant's responses to: (1) Interrogatory No. 3; (2) Interrogatory Nos. 8-9; and (3) Interrogatory Nos. 10-16.  The Court will address each of these issues.

### A.    Interrogatory No. 3

Interrogatory No. 3 provides:

> With regard to the document entitled "IDENTIFICATION DATA SHEET", ..., please provide the following information for each employee listed:
>
> a.    Full name;
> b.    Date of Birth;
> c.    Date of hire;
> d.    Exact name of employer as of 1/23/2009;
> e.    All dates of any leave approved under the Family and Medical Leave Act (...) since 1/1/2005;
> f.    All date(s) for separation and any reinstatement;
> g.    Job title as of 1/23/2009;
> h.    All reason(s) for separation or retention;

> i. Last known home address and home and cell phone number of each employee who was separated;
> j. With regard to each employee, all persons who participated in the decision of whether or not to separate that employee stating whether he/she conceived of, discussed, recommended, implemented, approved and/or opposed the separation;
> k. The name and job title as of 1/23/2009 of the person ultimately responsible for the decision whether or not to separate each employee; and
> l. Describe all documents relied upon to answer this interrogatory as well as all documents (if different) that can be referenced to verify the accuracy of your responses to this interrogatory.

(Doc. 26-1, p. 7). Plaintiff seeks this highly specific information for 250 employees listed in an "identification data sheet."[2] (Doc. 26-3).

In her Motion, Plaintiff contends that the information requested "provides comparatives that may disclose, or lead to evidence disclosing, whether plaintiff's termination was based on her protected categories." (Doc. 26, p. 9). While the Court agrees that statistical evidence may be admissible in a case alleging disparate treatment, statistical evidence about employees who had different managers and for

---

[2]The identification data sheet was presented to Plaintiff along with a separation agreement at the time of her termination, pursuant to the Older Workers Benefit Protection Act ("OWBPA"). Pursuant to the OWBPA, Defendant was required to make certain disclosures in order to ensure that any release of an age claim in connection with a terminated employee was valid. In group termination, for an age release to be effective, the employer must disclose the job title and ages of all individuals selected for the termination and eligible for the separation benefits and the ages of individuals in the same job classification or organizational unit who were not selected for termination. 29 USC § 626(f)(1)(H)(ii). The regulatory guidance issued by the Equal Employment Opportunity Commission ("EEOC") focuses on the "decision unit" to determine the scope of the mandated disclosure. The regulations define "decisional unit" as "that portion of the employer's organization structure from which the employer chose the persons who would be offered consideration for the signing of a waiver and those who would not be offered consideration for the signing of a waiver." 29 CFR § 1625.22(f). With regard to the instant disclosure, Defendant went beyond the requirements of the OWBPA by providing information beyond the "decisional unit" at issue.

whom the decision to terminate their employment was made by different decision makers is not relevant and will not lead to the discovery of admissible evidence. Additionally, the Court finds the information requested is overly broad and unduly burdensome.

Although Defendant objected to the requested information about each of the 250 employees listed on the identification data sheet, it did provide the requested information for each of the 28 employees within Plaintiff's decisional unit. The Court finds this is sufficient and Plaintiff's request for this Court to compel an amended response to Interrogatory No. 3 is due to be denied.

### B.     Interrogatory Nos. 8-9

Interrogatory No. 8 provides:

> Identify each fringe benefit provided by Defendant to Plaintiff during her employment at any time during 2007-2009, including but not limited to health insurance, short or long term disability insurance, life insurance, profit sharing, pension plan, 401K plan, IRA plan, stock plan, paid vacation, or other fringe benefits. State the cost to Defendant (monthly or annual, specifying which), of providing each fringe benefit. If Defendant is not able to determine the exact cost of providing any of these fringe benefits to the Plaintiff, please provide a reasonable approximation of the value of each benefit, explaining the basis for the approximation, or identify a designated representative who can provide such information by way of Rule 30(b)(6) Fed.R.Civ.P. deposition testimony.

(Doc. 26-1, p. 20). In response, Defendant provided a chart with the requested information. See (Doc. 26-1, p. 20; Doc. 32, p. 13). Therefore, this information has been provided and Plaintiff's request for this Court to compel an amended response to Interrogatory No. 8 is due to be denied.

Interrogatory No. 9 provides:

> State the name, hire date, current employer, current job title, current business address and current business phone number of each current or former employee of Defendant who provided information to answer Interrogatory numbers 1-9 and/or who is known by Defendant to have knowledge of the facts stated in your response to Interrogatory numbers 1-9.

(Doc. 26-1, p. 20). In response, Defendant provided the name, current employer, and current job title for the individuals requested. (Id.). However, Defendant's response is insufficient as it does not include all of the information requested (i.e. hire date, current business address, and current business phone number) or otherwise object to the production of said information.[3]  Therefore, the Court directs Defendant to provide an amended response to Interrogatory No. 9 no later than **Tuesday, September 7, 2010.**

### C.     **Interrogatory Nos. 10-16**

Plaintiff asks the court to compel Defendant to provide complete responses to Interrogatory Nos. 10-16. (Doc. 26, pp. 16-18). Defendant contends that Plaintiff has served a total of 41 interrogatories, which exceeds the 25 permitted under Rule 33(a), Fed. R. Civ. P. (Doc. 32, pp. 7-13). Defendant responded to the first 25 interrogatories (by its calculation) and specifically objected to the remaining interrogatories as exceeding the limit of 25.[4]  (Doc. 26-2).

---

[3] The Court recognizes that Defendant objected to Interrogatory No. 9 on the grounds that it exceeds the limit of 25 interrogatories, permitted by the Federal Rules of Civil Procedure. (Doc. 26-1, p 20). However, the Court finds this objection without merit, as more thoroughly discussed below.

[4] Defendant also offered general objections to Interrogatory Nos. 10-16. See (Doc. 26-2, p. 2). However, such generic, boilerplate objections are not sufficient. Rather, a party resisting discovery must make some showing as to how each discovery request is not relevant, overly broad,
(continued...)

Rule 33(a)(1), Fed. R. Civ. P., states:

> Unless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts. Leave to serve additional interrogatories may be granted to the extent consistent with Rule 26(b)(2).

Fed. R. Civ. P. 33(a)(1).  Parties cannot evade the "presumptive limitation [of 25 interrogatories] through the device of joining as 'subparts' questions that seek information about discrete separate subjects."  Fed. R. Civ. P. 33(a), advisory committee's note (1993 amendment).

"The 'related question' test applies to determine whether a subpart to an interrogatory should be considered discrete and counted separately."  Ingole v. Certain Underwriters at Lloyd's of London, 2009 U.S. Dist. LEXIS 41478, 2009 WL 1211359, at *2 (M.D. Fla. May 4, 2009) (citing Powell v. The Home Depot USA, 2008 U.S. Dist. LEXIS 49144, 2008 WL 2473748, at * 2 (S.D. Fla. June 16, 2008)).  Under the "related question" test, courts assess whether the subparts are "logically or factually subsumed within and necessarily related to the primary question."  Oliver v. City of Orlando, 2007 U.S. Dist. LEXIS 80552, 2007 WL 3232227, at * 2 (M.D. Fla. Oct. 31, 2007).  "[A]n interrogatory which contains subparts that inquire into discrete areas should, in most cases, be counted as more than one interrogatory."  Border Collie Rescue, Inc. v. Ryan, 2005 U.S. Dist. LEXIS 5983, 2005 WL 662724, at * 1 (M.D. Fla. March 15, 2005) (internal quotations and citations omitted).

---

[4](...continued)
unduly burdensome, and/or otherwise inadmissible.  See Calderon v. Reederei Claus-Peter Offen GmbH & Co., 2008 U.S. Dist. LEXIS 76323, 2008 WL 4194810 (S.D. Fla. Sept. 11, 2008).

In the case of each of these interrogatories, the subparts seek to elicit details concerning a common theme and are "logically or factually subsumed within and necessarily related to the primary question." See Oliver, 2007 U.S. Dist. LEXIS 80552, 2007 WL 3232227, at * 2.  It is of no consequence that the interrogatories as a whole cover more than one topic.  What matters for the purposes of Plaintiff's Motion is that the subparts of a particular interrogatory are related to the primary question.  See Ingole, 2009 U.S. Dist. LEXIS 41478, 2009 WL 1211359, at *4.  Here, the Court finds that they are.  Therefore, the Court directs Defendant to provide amended responses to Interrogatory Nos. 10-16, no later than **Tuesday, September 7, 2010**.[5]

## III.   CONCLUSION

Accordingly, after due consideration, it is

**ORDERED**:

Plaintiff's Motion to Compel Answers to Interrogatories (Doc. 26) is **GRANTED in part and DENIED in part** as provided in the body of this Order.  Defendant shall serve Plaintiff with amended responses to Plaintiff's Interrogatory Nos. 9-16 no later than **Tuesday, September 7, 2010.**

---

[5]"Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath. "  Fed. R. Civ. P. 33(b)(3).  If objected to, "[t]he grounds for objecting to an interrogatory must be stated with specificity. Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." Fed. R. Civ. P. 33(b)(4).  For the purposes of the Federal Rules of Civil Procedure, incomplete or evasive interrogatory answers are treated as a failure to answer.  Dollar v. Long Mfg., N. C., Inc., 561 F.2d 613, 616 (5th Cir. 1977).

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this  23rd   day of August, 2010.

*Monte C. Richardson*
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record
Any Unrepresented Party