UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

Linda L. Diehl,

          Plaintiff,

vs.                                           Case No.  3:09-cv-1220-J-25MCR

Bank of America Corporation,

          Defendant.
_____/

## **O R D E R**

**THIS CAUSE** is before the Court on Plaintiff's Second Motion to Compel Answers to Interrogatories (Doc. 54) filed September 14, 2010.

**I.**     **BACKGROUND**

On February 2, 2010, Plaintiff filed an Amended Complaint against Defendant containing the following counts: (1) violations of the Age Discrimination in Employment Act ("ADEA") and the Florida Civil Rights Act ("FCRA") based on Defendant's alleged demotion of Plaintiff to a non-managerial role and Defendant's termination of Plaintiff's employment, both allegedly due to her age (Counts I, IV, V, and VIII); (2) violations of the Americans with Disabilities Act ("ADA") and the FCRA based on Defendant's alleged demotion of Plaintiff to a non-managerial role and Defendant's termination of Plaintiff's employment, both allegedly due to her disability, record of disability and/or because Defendant perceived that she was disabled (Counts II, IV, VI, and VIII); and (3) violations of the Family and Medical Leave Act ("FMLA") based on Defendant's alleged

demotion of Plaintiff to a non-managerial role and Defendant's termination of Plaintiff's employment, which she claims interfered with her rights under the FMLA (Counts III and VII). (Doc. 21).

Plaintiff propounded two sets of interrogatories upon Defendant. Plaintiff's first set of interrogatories contained Interrogatory Nos. 1-9, and Plaintiff's second set of interrogatories contained Interrogatory Nos. 10-16. On July 28, 2010, Plaintiff filed a Motion to Compel seeking an order compelling Defendant to provide complete responses to Interrogatory Nos. 3, 8-9, and 10-16. (Doc. 26). On August 23, 2010, this Court entered an Order granting in part and denying in part Plaintiff's Motion to Compel and ordered Defendant to provide amended responses to Interrogatory Nos. 9-16. (Doc. 38).

On September 14, 2010, Plaintiff filed the instant Second Motion to Compel Answers to Interrogatories arguing Defendant failed to provide a responsive amended answer to Interrogatory 13. (Doc. 54). On September 24, 2010, Defendant filed its response in opposition to Plaintiff's Motion. (Doc. 57). Accordingly, this matter is now ripe for judicial determination.

**II.    ANALYSIS**

Motions to compel discovery under Rule 37(a) of the Federal Rules of Civil Procedure are committed to the sound discretion of the trial court. See Commercial Union Ins. Co. v. Westrope, 730 F.2d 729, 731 (11th Cir. 1984). The trial court's exercise of discretion regarding discovery orders will be sustained absent a finding of abuse of that discretion to the prejudice of a party. See id.

The overall purpose of discovery under the Federal Rules is to require the disclosure of all relevant information so that the ultimate resolution of disputed issues in any civil action may be based on a full and accurate understanding of the true facts, and therefore embody a fair and just result.  See United States v. Proctor & Gamble Co., 356 U.S. 677, 682, 78 S.Ct. 983 (1958).  Discovery is intended to operate with minimal judicial supervision unless a dispute arises and one of the parties files a motion requiring judicial intervention.  Furthermore, "[d]iscovery in this district should be practiced with a spirit of cooperation and civility."  Middle District Discovery (2001) at 1.

Here, Plaintiff argues Defendant's amended response to Interrogatory No. 13 is non-responsive and evasive.  Interrogatory No. 13 states:

> Specify who intended that "The [restructuring of Plaintiff's job] was intended to allow [Plaintiff] to focus on her duties related to the LaSalle transition," as stated in Defendant's response to Plaintiff's First Set of Interrogatories, interrogatory 1, sworn to by Kevin Phalen on May 14, 2010.

In response, Defendant argues that on September 24, 2010, it served Plaintiff with a second amended response to Interrogatory No. 13 which provides:

> For McCormick, the purpose of the restructuring was to increase efficiency but it had the tangential effect of permitting Plaintiff to focus on concluding the LaSalle transition.  In Phalen's view, the intention of restructuring was to streamline the department's functions and allow the department to function more efficiency.  In Phalen's view, the intention of the restructuring was to allow Plaintiff to focus on completing the LaSalle transition.  Although the ultimate decision-maker for the restructuring was McCormick, Phalen, as McCormick's supervisor, discussed the restructuring with McCormick and approved the decision.

(Doc. 57-A). The Court finds Defendant's second amended response to Interrogatory No. 13 is responsive and non-evasive. Therefore, Plaintiff's Motion is due to be denied as moot.

## III. CONCLUSION

Accordingly, after due consideration, it is

**ORDERED:**

Plaintiff's Second Motion to Compel Answers to Interrogatories (Doc. 54) is **DENIED as moot**.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this  28th  day of September, 2010.

*Monte C. Richardson*

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record
Any Unrepresented Party