UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

Linda L. Diehl,

        Plaintiff,

vs.                                            Case No.  3:09-cv-1220-J-25MCR

Bank of America Corporation,

        Defendant.
_____/

**O R D E R**

**THIS CAUSE** is before the Court on Defendant's Motion to Compel Plaintiffs' Authorization to the Release of her Mental Health Records (Doc. 65) filed November 5, 2010.

**I.  BACKGROUND**

On February 2, 2010, Plaintiff filed an Amended Complaint against Defendant claiming she was discriminated against based on her age, disability, and her use of FMLA leave.  (Doc. 21).  Among other alleged damages, Plaintiff seeks damages for "mental anguish, loss of dignity and emotional distress."  (Doc. 21, ¶¶ 44, 51, 58, 66).

According to Defendant, Plaintiff was treated for anxiety by mental health counselor, Jessica Cartozian-Lanier, on or about December 23, 2008 and January 7, 2009.  (Doc. 65, p. 2).  On October 26, 2010, Defendant requested Plaintiff sign a HIPPA authorization form indicating her consent to the release of records from Ms.

Cartozian-Lanier. (Doc. 65-F). On November 4, 2010, Plaintiff informed Defendant she would not sign the release. (Id.).

On November 5, 2010, Defendant filed the instant Motion to Compel Plaintiff's Authorization to the Release of her Mental Health Records. Specifically, Defendant seeks release of Plaintiff's records from visits with Ms. Cartozian-Lanier. (Doc. 65). On November 11, 2010, Plaintiff filed a response in opposition to Defendant's Motion claiming the records sought are protected by psychotherapist-patient privilege. (Doc. 71). Accordingly, this matter is now ripe for judicial determination.

## II.   ANALYSIS

Federal law applies to the issues of privilege where, as here, the Court's jurisdiction is based upon a federal question. See Hancock v. Hobbs, 967 F.2d 462, 466-67 (11th Cir. 1992). This is true even though "the evidence sought might be relevant to a pendent state claim." Id. at 466.

Federal courts recognize a psychotherapist-patient privilege. See Jaffee v. Redmond, 518 U.S. 15 (1996). This privilege, however, is not absolute. See id. The patient may waive the protection of the privilege. See id. at 15, n.14; Harley v. Health Ctr. of Coconut Creek, 469 F. Supp. 2d 1212,1213 (S.D. Fla. 2006). However, it is the defendant's burden to establish a waiver of the privilege. Perdue v. Westpoint Home, Inc., 2008 U.S. Dist. LEXIS 7591, 17-21 (N.D. Fla. Jan 31, 2008).

Generally, in order to obtain psychiatric records, the party requesting the records must show that the plaintiff has placed her mental condition "in controversy" and there is "good cause" for production of the records. See e.g., Turner v. Imperial Stores, 161

F.R.D. 89 (S.D. Cal. 1995).  Defendant argues Plaintiff put her mental state "at issue" because she seeks damages for "mental anguish and emotional distress."  (Doc. 65, p. 4).

There is a competing line of authority addressing whether the mere claim of emotional distress constitutes a sufficient waiver of the psychotherapist-patient privilege and there is no Eleventh Circuit ruling addressing the issue.  However, this Court is persuaded by the reasoning of the Court in Ortiz-Carballo v. Ellspermann, 2009 U.S. Dist. LEXIS 37536 (M.D. Fla. Apr. 7, 2009).  There, the Court held:

> The majority of federal courts that have addressed the issue have held that a party does not place his mental condition in controversy merely by requesting damages for mental anguish or "garden variety" emotional distress.  In order to place a party's mental condition in controversy the party must allege a specific mental or psychiatric disorder or intend to offer expert testimony to support their claim of emotional distress.

Id. (citations omitted).

Here, Plaintiff is not claiming that she suffered any diagnosable mental injury as a result of the Defendant's illegal conduct.  She will not call any medical experts at trial nor otherwise rely upon any such experts.  She has alleged no tort claims, such as intentional infliction of emotional distress, in which her emotional distress is an essential component of her claim.  See (Doc. 71, pp. 9-10).  Based on the foregoing, Ms. Cartozian-Lanier's records are subject to the psychotherapist-patient privilege and are protected from disclosure.

## III.    CONCLUSION

Accordingly, after due consideration, it is

**ORDERED:**

Defendant's Motion to Compel Plaintiffs' Authorization to the Release of her Mental Health Records (Doc. 65) is **DENIED.**

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this  19th  day of November, 2010.

*Monte C. Richardson*
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record
Any Unrepresented Party