UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

Linda L. Diehl,

        Plaintiff,

vs.                                       Case No.  3:09-cv-1220-J-25MCR

Bank of America Corporation,

        Defendant.
_____/

## **O R D E R**

**THIS CAUSE** is before the Court on Plaintiff's Second Motion to Compel Production of Documents Responsive to Plaintiff's Sixth Request for Production of Documents, Request Nos. 6-20 (Doc. 68) filed November 5, 2010.

**I.    BACKGROUND**

On February 2, 2010, Plaintiff filed an Amended Complaint against Defendant alleging, among other things, violations of the Americans with Disabilities Act ("ADA"). Plaintiff alleges she was demoted to a non-managerial role on account of her age, use of Family and Medical Leave Act ("FMLA") leave, and disability.  Plaintiff further alleges she was terminated on account of the same.  (Doc. 21).

On September 15, 2010, Plaintiff served her Sixth Request for Production of Documents on Defendant.  Request Nos. 6-20 requested the following information regarding fifteen of Defendant's past and current employees:

> [A]ll "documents" showing the amount paid by Defendant or its "Claims Administrator" for "claims for benefits" made by or on behalf of [...][1] since January 1, 2005.

(Doc. 68-1). Defendant objected to these requests on the grounds they were:

> ... overly broad, not reasonably calculated to lead to the discovery of admissible evidence and invasive of the privacy of a current or former associate. The request seeks personal and private medical information about a current or former associate of [Defendant].

(Doc. 68-2).

On November 5, 2010, Plaintiff filed the instant Second Motion to Compel Production of Documents Responsive to Plaintiff's Sixth Request for Production of Documents, Request Nos. 6-20. (Doc. 68). On October 16, 2010, Defendant filed its Response in Opposition to Plaintiff's Motion. (Doc. 75). On November 24, 2010, Plaintiff filed a Reply to Defendant's Response in Opposition to Plaintiff's Motion.[2] (Doc. 84). Accordingly, this matter is now ripe for judicial determination.

## II. ANALYSIS

Motions to compel disclosures and other discovery under Federal Rule of Civil Procedure 37 are committed to the sound discretion of the trial court. Commercial Union Insurance Co. v. Westrope, 730 F.2d 729, 731 (11th Cir. 1984). The trial court's

---

[1] This information was requested for the following individuals: David M. Benjamin, Brian L. Brennan, Douglas G. Cranston, Lisa R. Ciminera, Leslie Doig, Lucinda Duncan, Diana L. Gillum, Charles H. Harper, Mindy A. Henderson, Lynne S. Herrman, Honoria M. Sarmento, Jennifer Shifflett, Eric A. Spencer, Jack Tynch, and Marybeth Worsham. (Doc. 68-1). The foregoing individuals are not parties to this case.

[2] On November 18, 2010, this Court granted Plaintiff leave to file a 4-page reply in response to Defendant's Response in Opposition to Plaintiff's Motion to Compel Documents. (Doc. 77).

exercise of discretion regarding discovery orders will be sustained absent a finding of abuse of that discretion to the prejudice of a party.  See Westrope, 730 F.2d at 731.

The overall purpose of discovery under the Federal Rules is to require the disclosure of all relevant information so that the ultimate resolution of disputed issues in any civil action may be based on a full and accurate understanding of the true facts. See United States v. Proctor & Gamble Co., 356 U.S. 677, 682, 78 S.Ct. 983, 986-87 (1958).  Discovery is intended to operate with minimal judicial supervision unless a dispute arises and one of the parties files a motion requiring judicial intervention. Furthermore, "[d]iscovery in this district should be practiced with a spirit of cooperation and civility."  Middle District Discovery (2001) at 1.

The instant Motion to Compel requests that the Court overrule Defendant's objections to Plaintiff's Sixth Request for Production, Nos. 6-20.  (Doc. 68).  As abovementioned, Request Nos. 6-20 requested the following information regarding fifteen of Defendant's current and former employees:

> [A]ll "documents" showing the amount paid by Defendant or its "Claims Administrator" for "claims for benefits" made by or on behalf of [...] since January 1, 2005.

(Doc. 68-1).  The only difference among Request Nos. 6-20 is the name of the employee identified.  Defendant objected to these requests on the grounds they were:

> ... overly broad, not reasonably calculated to lead to the discovery of admissible evidence and invasive of the privacy of a current or former associate. The request seeks personal and private medical information about a current or former associate of [Defendant].

(Doc. 68-2).  The Court will address Defendant's objections.

### A. Whether Request Nos. 6-20 are overly broad and not reasonably calculated to lead to admissible evidence.

Plaintiff seeks "all documents" showing the amount of money paid by for health care claims for fifteen non-party employees dating back to 2005. As an initial matter, the Court finds this request is overly broad as the employment decisions at issue were made in 2008 and 2009. Additionally, Plaintiff seeks discovery on an issue she has not alleged or identified as a factor in her termination or job restructuring. The cost of Plaintiff's treatment compared to the costs of health care received by other non-party employees has no bearing on the issue of whether Defendant discriminated against Plaintiff on the basis of her disability, age, or use of FLMA leave. See Dewitt v. Proctor Hosp., 517 F.3d 944, 953 (7th Cir. 2008) (J. Posner concurring) (recognizing that if an employer's motive when terminating an employee is to reduce its health insurance or health care costs, no actionable discrimination under the ADA has occurred); see also Christian v. St. Anthony Medical Ctr., 117 F.3d 1051, 1053 (7th Cir. 1997) ("The motive was either a dislike of a person with "bad blood" or a belief that the treatment for the condition would take a big bite out of the employer's profits; neither motive is necessarily or here related to an actual or perceived disability.") Therefore, the Court finds Request Nos. 6-20 are overly broad and not reasonably calculated to lead to admissible evidence.

### B. Whether Request Nos. 6-20 are invasive to the rights of the non-parties.

Even assuming *arguendo* that the requests at issue are not overly broad and beyond the scope of the claims pending before the Court, the Court finds the requests

are invasive to the rights of the non-parties. The Health Insurance Portability and Accountability Act of 1966 ("HIPAA"), Public Law 104-191, limits the disclosure by covered entities of protected health information. HIPPA's implementing regulations define protected health information to mean individually identifiable health information, which includes the past, present, or future payment for the provision of health to the individual. 45 C.F.R. § 160.103.

Here, the requests at issue seek "all documents" showing the amount paid by Defendant for claims of benefits for fifteen non-party individuals. Although the requests seek cost and benefit information, these documents could reasonably include information regarding diagnoses, treatment, and/or patient care. Therefore, the requested documents fall within HIPAA's definition of protected health information. Additionally, as abovementioned, the cost of Plaintiff's treatment compared to the costs of health care received by other non-party employees has little or no bearing on the issue of whether Defendant discriminated against Plaintiff on the basis of her disability, age, or use of FLMA leave. Accordingly, the Court finds the privacy interests of the non-parties outweigh any potential benefit to Plaintiff.

**III.   CONCLUSION**

Accordingly, after due consideration, it is

**ORDERED**:

Plaintiff's Second Motion to Compel Production of Documents Responsive to Plaintiff's Sixth Request for Production of Documents, Request Nos. 6-20 (Doc. 68) is **DENIED.**

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this  1st  day of December, 2010.

*Monte C. Richardson*
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record
Any Unrepresented Party